UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quintavis Deshon McGee, | ) | C/A No. 6:25-cv-12938-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Alan Wilson, *Attorney General*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center. ECF No. 1 at 2, 4. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings filed in this case for relief and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

**BACKGROUND**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also attached to the Complaint supporting documents including hand-written allegations, an arrest warrant, and a Greenville County Sheriff's Office Supplemental Report in support of the Complaint. *Id*. at 6–12.

Plaintiff purports to bring claims under the Fourth Amendment based on violations of the "Neutral and Detached Clause"; under 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and for "misprison of treason" under 18 U.S.C. § 2382. *Id*. at 4. Additionally, Plaintiff cites various South Carolina statutory code and constitutional provisions.

1

*Id*. at 4, 6–8.  As to his injuries, Plaintiff contends he suffered the loss of liberty.  *Id*. at 13.  For his relief, Plaintiff seeks declaratory relief "of the 4th Amendment Neutral and Detached Clause from the Mauldin Municipal Judge" and compensatory and punitive damages in the amount of $10 million.  *Id*.

Plaintiff alleges that Attorney General Alan Wilson ("Wilson") is a member of the South Carolina Law Enforcement Training Council under S.C. Code § 23-23-30.  *Id*. at 6.  The Law Enforcement Training Council governs the South Carolina Criminal Justice Academy, and its powers and duties involve consulting and cooperating with counties, municipalities, agencies, and official bodies of the State, among other things.  *Id*.  Plaintiff contends "[t]his is part of the executive branch's powers."  *Id*.  According to Plaintiff, Wilson is also the "head commander of the Solicitors of South Carolina," who prosecute defendants.  *Id*.  Wilson is also on the Judicial Council of South Carolina under S.C. Code § 14-27-20, which is involved in the administration of justice within the State.  *Id*.  Plaintiff contends that, in these various roles, Wilson is in "control of (3) powers"—commanding the solicitor, a member of the Judicial Council, and a member of the Law Enforcement Training Council.  *Id*. at 7.  Wilson is thus a member of both the executive and judicial branches of government.  *Id*.  Plaintiff argues that the South Carolina Constitution requires the branches of government to be separate.  *Id*.

Plaintiff contends that Wilson is supposed to administer the proper procedures of prosecution, the courts, and law enforcement in light of his powers.  *Id*.  However, the Neutral and Detached Clause of the Fourth Amendment requires that the office of the person issuing a warrant must be independent from law enforcement.  *Id*.  Plaintiff asserts the County should provide sufficient facilities and personnel for the necessary and proper operations of the magistrates court, and Wilson should enforce that requirement.  *Id*.

Plaintiff purports to challenge warrant number 2025A230300098. *Id*. at 8. Plaintiff contends a Supplemental Report signed by Shawn Pritchet claims the traffic stop was due to illegal tint on the front windshield, but Plaintiff was never ticketed for the alleged probable cause. *Id*. Plaintiff asserts a RICO claim based on obstruction of justice and obstruction of a criminal investigation. *Id*. According to Plaintiff, "Wilson literally governs this and allows it." *Id*. Plaintiff asserts: "Wilson is the 'Devil in Disguise' and the head of the RICO organization." *Id*.

Plaintiff has been charged in the Greenville County Court of General Sessions with drug and weapons charges in cases numbered 2025A2320300097, 2025A2320300098, 2025A2320300099, 2025A2330206545, and 2025A2330206546. *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (search by case numbers listed above) (last visited Oct. 14, 2025).[1]

**STANDARD OF REVIEW**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's

---

[1] The Court takes judicial notice of the records in Plaintiff's pending criminal cases in the state court. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the pleadings, the Second Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff

4

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## **DISCUSSION**

Plaintiff cannot allege any set of facts to state constitutional claims as to the named Defendant or the issues alleged. The Complaint is therefore subject to summary dismissal.[2]

---

[2] This case is similar to numerous other cases recently filed by detainees at the Greenville County Detention Center making nearly identical allegations against many of the same Defendants. It appears that the Complaints in these cases were drafted by Joshua Lynn Robinson, a pretrial detainee at the Greenville County Detention Center. *See Fowler v. State*, No. 6:25-cv-12837; *Argueta v. South Carolina*, No. 6:25-cv-12792; *Wilson-Hyman v. McElrath*, No. 6:25-cv-12650; *Murray v. Bodiford*, No. 8:25-cv-12575; *Gambrell v. Hudson*, No. 6:25-cv-12545; *Cook v. Wilson*, No. 6:25-cv-12353; *Jeffries v. General Assembly*, No. 6:25-cv-12313; *Smith v. Wilson*, No. 6:25-cv-12308; *Paul v. Simmons*, No. 6:25-cv-11744; *Robinson v. Pettit*, No. 6:25-cv-11414; *Jackson v. Wilson*, No. 6:25-cv-11489; *Wheeler v. Simmons*, No. 6:25-cv-10734; *Lafoy v. O'Brien*, No. 6:25-cv-10732; *Meredith v. Lipinski*, No. 6:25-cv-9189; *Jackson v. O'Brien*, No. 6:25-cv-7813, *Lindsey v. Simmons*, No. 6:25-cv-7592; *Hudgins-Smith v. Simmons*, No. 6:25-cv-7590; *Robinson v. Keel*, No. 6:25-cv-6747; *Childers v. Bratcher*, No. 6:25-cv-6742; *Morgan v. Kernell*, No. 6:25-cv-6735; *Yisreale-Laquer v. Kernell*, No. 6:25-cv-6094; *Wilson v. McElrath*, No. 6:25-cv-6092; *Lee v. Kernell*, No. 6:25-cv-6016; *White v. Foster*, No. 6:25-cv-4633; *Nicholson v. Simmons*, No. 6:25-cv-4632.

**Defendant Entitled to Dismissal**

In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983; *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001).

*Wilson*

Plaintiff names a single Defendant in this action, Wilson, who is the South Carolina Attorney General. Wilson is sued because of his administrative or supervisory role as the Attorney General. However, Plaintiff has failed to allege facts establishing a claim for supervisory liability.

Supervisory officials may be held liable in certain circumstances upon a "recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their case." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (quoting *Slakan v. Porter*, 737 F.2d 368, 372-73 (4th Cir. 1984)). To establish supervisory liability under § 1983 a plaintiff must allege facts showing: (1) the "supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury"; (2) the "supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'"; and (3) there was an "affirmative causal link between the supervisors inaction and the particular constitutional injury suffered by the plaintiff." *Shaw*, 13 F. 3d at 799 (internal citation omitted). Plaintiff fails to allege facts to state a claim of supervisory liability against Wilson. *See, e.g., Jackson v. Spartanburg Cnty. Det. Ctr.*, C/A No. 5:23-cv-476-JD-KDW, 2024 WL 3655392, at *5 (D.S.C. May 30, 2024) (finding allegations to be insufficient to state a claim for supervisory liability), *R&R adopted by* 2024 WL 3653851 (D.S.C. Aug. 5,

2024); *Drummond v. Wright*, C/A No. 5:19-cv-386-MGL-KDW, 2019 WL 1792386, at *2 (D.S.C. Mar. 27, 2019) (same), *R&R adopted by* 2019 WL 1787543 (D.S.C. Apr. 24, 2019). Plaintiff's allegations all relate to Wilson's conduct as the Attorney General in his official capacity and his purported obligations under certain statutes, but Plaintiff's allegations of Wilson's acts and/or omissions are untethered to any specific conduct directed at Plaintiff. Accordingly, Wilson is entitled to dismissal, as he is sued under a theory of supervisory liability, because Plaintiff has failed to state a claim for relief under such a theory.

Wilson is also entitled to Eleventh Amendment immunity for Plaintiff's claims brought against him in his official capacity. *Assa'ad-Faltas v. South Carolina*, C/A No. 3:12-cv-1786-TLW-SVH, 2012 WL 6103204, at *8 (D.S.C. Nov. 14, 2012), *R&R adopted by* 2012 WL 6106421 (D.S.C. Dec. 10, 2012). Additionally, "Wilson, the South Carolina Attorney General, has prosecutorial immunity from suit with respect to his actions" with regard to Plaintiff's criminal cases. *Graham v. South Carolina*, C/A No. 6:21-cv-00769-TMC-KFM, 2021 WL 11442560, at *4 (D.S.C. June 1, 2021), *R&R adopted by* 2021 WL 4483036 (D.S.C. Sept. 30, 2021), *aff'd*, No. 21-7562, 2022 WL 1552127 (4th Cir. May 17, 2022).

### *The Municipal Judge or Magistrate Judges*

Plaintiff has not named any municipal judge or magistrate judges in the Complaint. However, Plaintiff alleges that a municipal judge or magistrate judge issuing warrants is not neutral and detached. ECF No. 1 at 7–8. Plaintiff asks the Court for declaratory relief finding a Mauldin Municipal Judge violated the Fourth Amendment. *Id*. at 13. Thus, to the extent Plaintiff intended to name any state court judges, they are entitled to dismissal on the basis of judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Murphy v. Ross*, C/A No. 3:14-cv-870, 2015 WL 1787351, at *2

(E.D. Va. Apr. 15, 2015) ("It is beyond dispute that judicial officers may not be held liable for an award of money damages if they have acted within their jurisdiction." (collecting cases)). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's allegations against any state court judges who issued warrants relate to their judicial actions, they are entitled to absolute immunity.[3] Accordingly, to the extent Plaintiff intended to name any judges, they are subject to dismissal. *Jackson v. Hayes*, C/A No. 4:20-cv-1441-SAL-KDW, 2020 WL 4550482, at *2 (D.S.C. July 7, 2020) (finding claims against a judge related to setting of bond were subject to dismissal based on judicial immunity), *R&R adopted by* 2020 WL 4548412 (D.S.C. Aug. 6, 2020).

**Failure to State a Claim**

Plaintiff's claims are also subject to dismissal because he has not alleged facts to establish a claim of a constitutional violation that is cognizable under § 1983.

---

[3] Plaintiff alleges the municipal judge or magistrate judge, who issued the warrants, was not neutral and detached, arguing the judge shares an address with law enforcement. ECF No. 1 at 7 ("The Affiant (cop) and the Judges office share the same address."). Even accepting those allegations as true, such assertions do not entitle Plaintiff to relief under § 1983. Instead, Plaintiff's recourse is to pursue a suppression of the evidence or warrants issued by the magistrate judges in the state court criminal proceedings. *See, e.g., United States v. Leon*, 468 U.S. 897, 923 (1984) ("Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth."). The magistrate judges are entitled to absolute immunity, and Plaintiff's allegations fail to show that this immunity fails. *See, e.g., Cole v. Summey*, 329 F. Supp. 2d 591, 595 (M.D.N.C. 2004) (explaining "the relevant question is whether the judge 'acted in the clear absence of all jurisdiction'"). Plaintiff has not alleged facts showing that any magistrate judge acted in the clear absence of all jurisdiction. Plaintiff can challenge the warrants in the state court proceedings.

*"Neutral and Detached" Claim*

Plaintiff alleges the municipal judge or magistrate judge, who issued warrants, was not neutral and detached in violation of the Fourth Amendment. Plaintiff appears to allege that Wilson is responsible for ensuring that the municipal judges and magistrate judges are neutral and detached. Liberally construed, the Complaint may be asserting that Plaintiff was subjected to an unlawful search and seizure resulting in his arrest, contesting the validity of the warrant. "When an unreasonable seizure, arrest or prosecution is alleged, such a claim is governed by the Fourth Amendment." *Grant v. Berkeley Cnty. Sheriff's Off.*, C/A No. 2:24-cv-4262-RMG-MHC, 2024 WL 4291416, at *4 (D.S.C. Sept. 6, 2024), *R&R adopted by* 2024 WL 4286217 (D.S.C. Sept. 25, 2024). The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or false imprisonment, a plaintiff must show that a seizure was effected without probable cause. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest, false imprisonment, or malicious prosecution unless the officer lacked probable cause.[4] *See Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974).

---

[4] "The difference between a false arrest claim and a malicious prosecution claim is significant, as each requires different elements to determine whether the defendant complied with the Fourth Amendment. To establish a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must show the seizure of his person was unreasonable—*i.e.*, he must show that he was arrested without probable cause." *Burns v. Lott*, C/A No. 3:21-cv-3710-MGL-PJG, 2023 WL 6164347, at *4 (D.S.C. May 22, 2023) (citing *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)), *R&R adopted by* 2023 WL 6161985 (D.S.C. Sept. 21, 2023). "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim." *Humbert v. Mayor & City Council of Baltimore*

Liberally construed, the Complaint contends that the warrants were not supported by probable cause. However, the only reason Plaintiff advances to support that contention is because the issuing judge and the affiant, law enforcement center, and/or jail share the same address. That argument lacks merit as this Court has recently explained in numerous other cases making nearly identical allegations. *See, e.g., Clowney v. Fletcher*, C/A No. 6:24-cv-7243-MGL, 2025 WL 375136, at *2 (D.S.C. Feb. 3, 2025) (rejecting a nearly identical argument raised by another pretrial detainee at the Greenville County Detention Center); *Lee v. Joe Kernell*, C/A No. 6:25-cv-06016-TMC, 2025 WL 2731069, at *2 (D.S.C. Sept. 25, 2025) (rejecting similar claims); *Nicholson v. Simmons*, C/A No. 6:25-cv-04632-TMC, 2025 WL 2753521, at *2 (D.S.C. Sept. 26, 2025) (same); *Mosely v. O'Brien*, C/A No. 6:25-cv-07928-JDA-KFM, 2025 WL 2620910, at *1 (D.S.C. Aug. 13, 2025) (rejecting similar complaint seeking "a declaration that the South Carolina Magistrates violate the neutral and detached magistrate clause, requests an investigation into the South Carolina Magistrates, to have the Magistrates moved out of the law enforcement center, and money damages"), *R&R adopted by* 2025 WL 2617967 (D.S.C. Sept. 10, 2025); *Wheeler v. Simmons*, C/A No. 6:25-cv-10734-TMC-WSB, 2025 WL 2690102, at *4 (D.S.C. Aug. 19, 2025) (rejecting identical "neutral and detached" claim by pretrial detainee), *R&R adopted by* 2025 WL 2689907 (D.S.C. Sept. 19, 2025); *Lafoy v. O'Brien*, C/A No. 6:25-cv-10732-JDA-WSB, 2025 WL 2712744, at *4 (D.S.C. Aug. 18, 2025) (same), *R&R adopted* 2025 WL 2712647 (D.S.C. Sept. 23, 2025); *Jackson v. Wilson*, C/A No. 6:25-cv-11489-JDA-WSB, 2025 WL 2778521, at *5 (D.S.C. Aug. 27, 2025) (same), *R&R adopted by* 2025 WL 2778356 (D.S.C. Sept. 26, 2025). Plaintiff has failed to allege facts showing the municipal judge or magistrate judge acted as a "rubber stamp" or

---

*City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (internal quotation marks and alteration omitted).

abandoned the role as a neutral and detached decision maker. Plaintiff has not alleged any deficiencies with the probable cause supporting any warrants and only challenges whether the judge was neutral and detached based upon the address of his or her office. *See Decina v. Horry Cnty. Police Dep't*, 557 F. Supp. 3d 716, 730 (D.S.C. 2021) (discussing requirements for a facially valid arrest warrant supported by probable cause), *aff'd*, No. 21-2171, 2023 WL 2136376 (4th Cir. Feb. 21, 2023).

To the extent that Plaintiff's allegations are construed as a claim for malicious prosecution, any such claim also fails. To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). As to the favorable termination element, the United States Supreme Court recently explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. Plaintiff remains incarcerated on the charges of which he complains, and he seeks relief related to those charges pending against him. As such, any malicious prosecution claim fails.

### *Violations of State and Federal Statutes*

Plaintiff lists numerous federal and state statutes and court rules. ECF Nos. 1 at 5; 1-1 at 3–6. Plaintiff provides no explanation as to how these statutes and rules were violated or how they apply to his allegations or provide him with a claim for relief. Further, some of the statutes cited

11

by Plaintiff are criminal statutes that do not create a private right of action. *See Shallow v. Fed. Bureau of Investigation*, C/A No. 1:19-cv-229, 2019 WL 2718493, at *2 (E.D. Va. June 27, 2019) (collecting cases), *aff'd*, 788 F. App'x 189 (4th Cir. 2019). "The Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." *Does v. Broderick*, 225 F.3d 440, 447–48 (4th Cir. 2000) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see also Stewart v. Bishop*, C/A No. 0:24-cv-3606-JFA-SVH, 2024 WL 5290907, at *4 (D.S.C. Aug. 29, 2024) (noting that many of the statutes cited in this case did not provide a private right of action), *R&R adopted by* 2024 WL 5054919 (D.S.C. Dec. 9, 2024). And, "violations of state law, standing alone, do not give rise to federal constitutional violations." *Norwood v. Jividen*, C/A No. 2:20-cv-00299, 2023 WL 2624176, at *1 (S.D.W. Va. Feb. 28, 2023), *R&R adopted by* 2023 WL 2624169 (S.D.W. Va. Mar. 23, 2023). For example, courts have noted that "no private cause of action exists under the criminal statutes found at 18 U.S.C. §§ 4 and 2382." *Natusch v. Nibert*, C/A No. 1:16-cv-81, 2017 WL 1155375, at *9 (N.D.W. Va. Mar. 28, 2017); *Jones v. Gen. Elec. Co.*, C/A No. ELH-19-cv-196, 2019 WL 6918490, at *9 (D. Md. Dec. 19, 2019) (noting 18 U.S.C. § 2382 does not create a private rich of action).

Further, even if the statutes or court rules listed by Plaintiff did provide a private right of action, Plaintiff's cursory reference to these statutes and court rules provide no basis for relief because Plaintiff has not alleged facts showing how Defendant violated them.

### *RICO Claim*

Plaintiff purports to bring a RICO claim under 18 U.S.C. § 1962. ECF No. 1 at 4, 8. RICO provides a private right of action to persons injured in their business or property as a result of a violation of RICO's criminal prohibitions contained in 18 U.S.C. § 1962. *See* 18 U.S.C. § 1964(c);

*see also Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 641 (2008). "The showing required to succeed on a RICO charge in the Fourth Circuit is both demanding and well-established," *Baker v. Sturdy Built Mfg., Inc.*, No. 2:07-cv-212-HEH, 2007 WL 3124881, at *3 (E.D. Va. Oct. 23, 2007), because "Congress contemplated that only a party engaging in widespread fraud would be subject to [RICO's] serious consequences." *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 683 (4th Cir. 1989).

To state a civil RICO claim, a plaintiff must plausibly assert the following elements: "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." *Salinas v. United States*, 522 U.S. 52, 62 (1997). To show a pattern of racketeering activity, a plaintiff must plausibly assert at least two predicate acts of racketeering. *Id.* Plaintiff has failed to present facts to establish the necessary allegations of a RICO claim. Plaintiff's naked conclusions and assertions simply fail to plausibly state a RICO violation. *See Shelton v. Emergency Coverage Corp.*, C/A No. 3:23-cv-844, 2025 WL 905192, at *5 (E.D. Va. Mar. 25, 2025); *Cofield v. Hogan*, C/A No. CCB-16-cv-3037, 2018 WL 1535493, at *5 (D. Md. Mar. 27, 2018) ("Plaintiff's civil RICO claim fails because the complaint does not properly allege the elements of a RICO violation."); *Sun v. Bluffton Police Dep't*, C/A No. 9:09-cv-2050-RBH, 2010 WL 3786541, at *4 (D.S.C. July 21, 2010) ("Mere conclusory allegations not sufficient to satisfy basic requirements of RICO statute." (citation omitted)), *R&R adopted by* 2010 WL 3766801 (D.S.C. Sept. 21, 2010).

***Younger* Abstention**

Liberally construed, Plaintiff's allegations are essentially a challenge to the underlying warrants resulting in his charges and present incarceration at the Greenville County Detention Center. Such claims are not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Granting Plaintiff's requested relief would require

this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff. Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with the state court proceedings.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied. The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the

14

accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned finds that the Complaint filed in this case is frivolous, the named Defendant is immune from suit or is not a proper party subject to suit under 42 U.S.C. § 1983, and the Complaint fails to state a claim for relief. Therefore, the district court should **DISMISS** this action without issuance and service of process and without leave to amend.[5]

**IT IS SO RECOMMENDED**.

                                                                              s/William S. Brown
                                                                              United States Magistrate Judge

October 14, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[5] Leave to amend would be futile for the reasons herein and Plaintiff should therefore not be given an opportunity to file an amended complaint. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018); *Howard v. Sharrett*, 540 F. Supp. 3d 549, 553 (E.D. Va. 2021).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).